(65 Misc. Rep. 189.)

LAWRENCE et al. v. EDWIN A. DENHAM CO.

(Supreme Court, Appellate Term. November 30, 1909.)

1. MOTIONS (§ 61*)—ORDER—COLLATERAL ATTACK.

An order in summary proceedings awarding possession to plaintiff granted after a trial in which defendant took part is valid until reversed, and cannot be attacked collaterally, though the court erred in holding that rent was due during the time of a partial eviction.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 83; Dec. Dig. § 61.*]

2. PAYMENT (§ 87*)—RECOVERY—DURESS.

A payment of rent under a valid and unreversed order in summary proceedings, awarding possession to the landlord, is not a payment under duress, consisting of a threat to dispossess the tenant under the order.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 283–287; Dec. Dig. § 87.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lee G. Lawrence and another, as trustees against the Edwin A. Denham Company. From a judgment for plaintiffs rendered in the Municipal Court of the City of New York, defendant appeals. Affirmed.

See, also, 114 N. Y. Supp. 859.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Gignoux & Reid, for appellant.

William C. Davis, for respondents.

LEHMAN, J. The only questions raised upon this appeal deal with the counterclaim pleaded by the defendant. It is for money paid under duress. The duress consisted of a threat to dispossess the defendant under eight separate orders in summary proceedings. These eight orders were granted after separate trials in which the defendant took part, and in all of which it apparently set up facts sufficient to show a partial eviction. No appeal was taken from any of these or-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ders. The defendant had opportunity to, and actually did, litigate the issue whether any rent was due at the time and the decision of the court has become res adjudicata. It is quite true that the defendant took appeals from similar orders, and this court has held that no rent was due during the time that a partial eviction continued. Apparently, therefore, the Municipal Court orders were erroneous. Nevertheless the orders were valid until reversed on appeal and cannot be attacked collaterally. The plaintiff has shown that the payments of the rent were made under the orders of the court which were then valid and are still unreversed and in force, and these orders constitute a complete defense to the counterclaim.

The judgment should be affirmed, with costs. All concur.